United States District Court
Southern District of Texas
**ENTERED**
January 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| VS. | § | |
| | § | |
| 415 TRENTON, L.L.C., individually, and | § | CIVIL ACTION NO. 7:21-cv-00436 |
| d/b/a Walk-On's Sports Bistreaux & Bar; | § | |
| WALID HAIDAR, individually, and d/b/a | § | |
| Walk-On's Sports Bistreaux & Bar; and | § | |
| MOUSSA HAIDAR, individually, and | § | |
| d/b/a Walk-On's Sports Bistreaux & Bar, | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |

## OPINION AND ORDER

The Court now considers "Defendants' Motion to Dismiss or Stay of Proceedings (and Brief in Support)"[1] and Plaintiff's response.[2] As a threshold matter, the Court notes Defendants' motion lacks numbered paragraphs entirely, hindering the Court's reference to Defendants' arguments. The Court cautions Defendants that future submissions should consistently number each paragraph to properly comply with the Federal Rules of Civil Procedure.[3] After considering the motion, record, and relevant authorities, the Court **DENIES** Defendants' motion.

I. **BACKGROUND AND PROCEDURAL HISTORY**

This is a Communications Act antipiracy case. On April 12, 2021, in the 93rd District Court of Hidalgo County, Texas, one Defendant in this case, namely Walid Haidar, commenced a lawsuit

---

[1] Dkt. No. 7.
[2] Dkt. No. 10.
[3] FED. R. CIV. P. 7(b)(2) ("The rules governing captions and other matters of form in pleadings apply to motions and other papers."); FED. R. CIV. P. 10(b) (emphasis added) ("A party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances.").

against Plaintiff in this case, G&G Closed Circuit Events, LLC.[4] In that case, Mr. Haidar alleges that he contracted with G&G to exhibit certain fight telecasts but G&G wrongfully terminated the agreement and subsequently demanded recompense after Mr. Haidar had already acted in reliance upon his agreement with G&G.[5] The state case has seen numerous proceedings, including G&G's appearance and counterclaims, a default judgment, and an order setting aside that default judgment.[6] On November 16, 2021, G&G commenced this case.[7] In its complaint, Plaintiff alleges that Defendants, without authorization, intercepted and exhibited pay-per-view television programming in their establishment, namely Walk-On's Bistreaux & Bar.[8] Plaintiff sues for a violation of 47 U.S.C. §§ 553 or 605.[9] Defendants 415 Trenton, L.L.C.; Walid Haidar; and Moussa Haidar represent that G&G's October 20, 2021 counterclaims in the ongoing state court case are the mirror image of G&G's November 16th claims in its complaint in this case.[10] On December 21st, Defendants filed their answer and counterclaims in this case[11] and the instant motion to dismiss or stay the proceedings.[12] Plaintiff G&G timely responded[13] and the motion is ripe for consideration. The Court turns to the analysis.

## II. Discussion

### a. Legal Standard

Certain considerations of "state-federal relations" and "wise judicial administration" counsel a federal district court to abstain from deciding a case when a parallel state case is pending

---

[4] *Haidar v. G&G Closed Circuit Events, LLC*, No. C-1392-21-B (93rd Dist. Ct., Hidalgo County, Tex., Apr. 12, 2021).
[5] Dkt. No. 7-2 at 3.
[6] *See* Dkt. No. 7-13.
[7] Dkt. No. 1.
[8] Dkt. No. 1 at 5–6, ¶¶ 8–15.
[9] *Id.* at 7, ¶ 20.
[10] Dkt. No. 7 at 10 & n.10.
[11] Dkt. No. 6.
[12] Dkt. No. 7.
[13] Dkt. No. 10.

despite the general obligation of federal courts to exercise the jurisdiction conferred on them.[14] To ascertain whether to abstain, the Court undertakes a "*Colorado River* abstention analysis [which] begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances.' Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"[15] Accordingly, "[t]he burden of establishing entitlement to abstention rests on the party seeking it."[16]

The Court must first determine whether the federal suit involves only a request for a declaratory judgment or a "request for monetary or other relief."[17] The *Colorado River* test applies in the latter case and "*Colorado River* discretion to stay is available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues."[18] Cases are parallel if they involve the same parties and the same issues, but there need not be "mincing insistence on precise identity" of the parties and issues.[19] Courts "look both to the named parties and to the substance of the claims asserted in each proceeding" to determine parallelism.[20] If *Colorado River* applies,

> the Supreme Court has set forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district

---

[14] *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 818 (1976); *see PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 680 (5th Cir. 1973) ("This language recognizes that duplicate litigation in federal and state courts abrades to some extent the spirit of federal-state comity–that even when the two courts of concurrent jurisdiction do not require control over an identifiable res, concurrent litigation of the same controversy is perceived as interference.").

[15] *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (first quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006); and then quoting *Colo. River*, 424 U.S. at 817).

[16] *Turner v. Pavlicek*, No. 4:10-cv-00749, 2011 WL 4458757, at *4 (S.D. Tex. Sept. 22, 2011) (Rosenthal, J.) (collecting cases).

[17] *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250–51 (5th Cir. 2005); *see New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 394–95 (5th Cir. 2009) (discussing the difference between the *Brillhart* and *Colorado River* doctrines).

[18] *Am. Guarantee & Liab. Ins. Co.*, 408 F.3d at 251.

[19] *RepublicBank Dall., N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (per curiam); *see Transocean Offshore USA, Inc. v. Catrette*, 239 F. App'x 9, 12 (5th Cir. 2007) (per curiam) ("[T]his court has not always required a precise identity of parties and issues."); *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) (cleaned up) ("Exact parallelism is not required; it is enough if the two proceedings are substantially similar.").

[20] *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014)

> court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[21]

In the absence of a court's assumption of jurisdiction over a res, the first factor weighs against abstention.[22] The second factor "primarily involves the physical proximity of the federal forum to the evidence and witnesses"[23] and the relative convenience of the state and federal forums to sources of proof, availability of compulsory process, and the enforceability of judgments rendered.[24] When the "federal and state courts are in approximately the same geographic location within the state," the factor weighs against abstention.[25] The third factor does not concern duplicative litigation[26] or even conflicting judgments,[27] but whether certain claims are divided among different forums.[28] The fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[29] When the "state and federal suits are proceeding at approximately the same pace, this

---

[21] *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 285–86 (1995) & *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1190–91 (5th Cir. 1988)).
[22] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (alteration in original) (quoting *Murphy*, 168 F.3d at 738) ("The case 'does not involve any res or property over which any court, state or federal, has taken control . . . . [T]he absence of this factor weighs against abstention.'").
[23] *Evanston Ins. Co.*, 844 F.2d at 1191.
[24] *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 911 F.2d 993, 1005 n.8 (5th Cir. 1990).
[25] *Black Sea Inv., Ltd.*, 204 F.3d at 650.
[26] *Id.* at 650–51 ("*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.").
[27] *Aptim Corp. v. McCall*, 888 F.3d 129, 137 (5th Cir. 2018) ("Piecemeal litigation is a different concern from the worry of obtaining conflicting judgments in parallel actions involving the same parties and the same questions. The remedy for conflicting judgments is not abstention, but the application of *res judicata*.").
[28] *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) ("The potential, however, does exist for some piecemeal litigating as the state court is the only forum hearing the breach of fiduciary duty claims and claims against [one defendant].").
[29] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

factor weighs against abstention."[30] Furthermore, the Court should not conflate "activity with progress,"[31] because a case with significant activity and filings may still be in a substantively juvenile stage such as when the parties are litigating about jurisdiction, forum selection, and motions to dismiss.[32] Under the fifth factor, "[t]he presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances."[33] When cases "involve both federal and state rules of decision, this factor weighs against abstention."[34] Lastly, under the sixth factor, when there is no indication that the interests of the party seeking to invoke federal jurisdiction would not be adequately protected in the state court proceeding, this factor is neutral with respect to abstention.[35]

In addition, the district court may consider "the absence of any substantial progress in the federal-court litigation."[36] "The Supreme Court has noted that 'the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'"[37] Finally, the Supreme Court has cautioned that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[38]

---

[30] *Black Sea Inv., Ltd.*, 204 F.3d at 651.
[31] Dkt. No. 10 at 13, ¶ 30.
[32] *See Aptim Corp.*, 888 F.3d at 137.
[33] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988) (second alteration in original) (quoting *Moses H. Cone*, 460 U.S. at 26).
[34] *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 739 (5th Cir. 1999).
[35] *Black Sea Inv., Ltd.*, 204 F.3d at 651 (quoting *Evanston Ins. Co.*, 844 F.2d at 1193).
[36] *Moses H. Cone*, 460 U.S. at 16.
[37] *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 105 (5th Cir. 1988) (quoting *Moses H. Cone*, 460 U.S. at 18).
[38] *Moses H. Cone*, 460 U.S. at 16.

### b. *Colorado River* Analysis

This case does involve Plaintiff's request for damages,[39] and while Defendants sought declaratory judgment in state court,[40] they do not do so here.[41] Even were Defendants to seek declaratory judgment here, *Colorado River* would still apply because of Plaintiff's request for damages.[42] Thus, the Court will first assess parallelism before turning to the *Colorado River* factor test. Defendants assert that the state court case and this case have a perfect identity of parties and that the issues involved, specifically whether Defendants "wrongfully pirated and failed to honor [their] commitment to pay the licensing fees for broadcast sports events," are substantially identical.[43] Plaintiff concedes that, at present, the issues involved in the two cases "would be considered parallel."[44] Plaintiff supposes, however, that certain state court rulings could make the cases nonparallel.[45] While it may be fun to imagine different facts or future circumstances that would change the nature of either case, the Court deals in present realities. The parties agree that the cases are parallel such that the *Colorado River* abstention analysis applies. The Court turns to the factor test.

### 1. *Has any Court Assumed Jurisdiction Over a Res?*

The parties concur that neither the state court nor this Court has assumed jurisdiction over a res.[46] This factor weighs against abstention.[47]

### 2. *What is the Relative Convenience of the Forums?*

---

[39] *See* Dkt. No. 1 at 7–8.
[40] Dkt. No. 7-2 at 4, § VI.
[41] *See* Dkt. No. 6 at 10–11, ¶¶ 33–34.
[42] *See supra* note 17.
[43] Dkt. No. 7 at 13.
[44] Dkt. No. 10 at 6, ¶ 10.
[45] *Id.*
[46] Dkt. No. 7 at 13, § 2.a; Dkt. No. 10 at 9, ¶ 18.
[47] *See supra* note 22.

Defendants concede that the state court "is equally as convenient a forum as the Federal court" given their proximity in adjacent cities.[48] Plaintiff correctly notes that this factor weighs against abstention.[49]

### 3. Will Abstention Avoid Piecemeal Litigation?

Defendants assert that, in the state court case, "G&G has counter-sued for the identical relief prayed for herein as that in the state court action" and that both cases involve virtually identical issues that should be resolved by one court.[50] Defendants fail to realize that they are litigating against themselves. The third *Colorado River* factor is not concerned with the threat of duplicative litigation and inconsistent judgments, but rather is concerned with split claims addressing the same subject matter.[51] In arguing that the two cases involve the same claims, there is no threat of *piecemeal*, i.e., fragmented claims. This factor weighs against abstention.

### 4. In What Order was Jurisdiction Obtained?

Defendants assert that the state court proceeding commenced nine months before this one (it actually commenced seven months before[52]) "and has enjoyed substantial progress" compared to this case which is "in its infancy."[53] Plaintiff disagrees, pointing out that the state court granted a default judgment, rescinded its default judgment, is now facing a motion to reconsider its rescindment, and that the case may be stayed while Defendants carry out their threat to appeal the state court's denial of reconsideration if the state court refuses to countermand its rescindment of the default judgment.[54] While the state court obtained jurisdiction first, there does not appear to have been any substantial forward progress in that case. Defendants argue that discovery will be

---

[48] Dkt. No. 7 at 15.
[49] Dkt. No. 10 at 10, ¶ 21; *see supra* notes 23–25.
[50] Dkt. No. 7 at 14.
[51] *See supra* notes 26–28.
[52] *Compare* Dkt. No. 1, *with* Dkt. No. 7-5.
[53] Dkt. No. 7 at 15.
[54] Dkt. No. 10 at 3–4, ¶¶ 4–6.

expedited in the state court case, but do not point to any discovery that has taken place to date.[55] The parties in the state court case finished pleading on December 29, 2021,[56] whereas the parties in this case finished pleading thirteen days later.[57] In sum, "no progress has been made on the merits of the case [in either forum]. As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention."[58]

     5. *To What Extent Does Federal Law Control the Decision on the Merits?*

Defendants assert that federal law issues are common to both the state and federal cases, but argue that "the federal question does not weigh in favor of abstention."[59] This argument runs headlong into governing precedent that the presence of federal issues weighs against surrender.[60] Taking Defendants' assertion of fact as true, this factor weighs against abstention.

     6. *Are State Proceedings Adequate to Protect Plaintiff's Rights?*

The parties agree that the state court is fully adequate to protect G&G's rights in the state court litigation.[61] When there is no indication that Plaintiff G&G's interests will not be adequately protected in state court, this is a neutral factor that militates in neither direction.[62]

Defendants posit additional arguments in favor of abstention. The Court now turns to further analysis.

    c. **Forum-Shopping Analysis**

Defendants attempt to salvage their argument by citing a 1995 Northern District of Texas case, which in turn relies on a Ninth Circuit case, to argue that Plaintiff's decision to commence

---

[55] Dkt. No. 7 at 15–16 (citing TEX. R. CIV. P. 169).
[56] Dkt. No. 10 at 14, ¶ 32 (citing Dkt. No. 10-1 at 57).
[57] Dkt. No. 9.
[58] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651 (5th Cir. 2000).
[59] Dkt. No. 7 at 16.
[60] *See supra* notes 33–34.
[61] Dkt. No. 7 at 16–17; Dkt. No. 10 at 14, ¶ 36.
[62] *See supra* note 35.

this federal lawsuit was reactive and the Court should discourage forum shopping.[63] On appeal of that district court case, the Fifth Circuit admonished the district court for its errant *Colorado River* analysis and only affirmed abstention because of the unique facts concerning an arbitration in that case.[64] There is no arbitration issue in this case. The Northern District of Texas holding is unpersuasive. The Court notes that, although not a consideration in this analysis, based on the nature of Defendants' state law claims, it appears Defendants may have been forum shopping.

Defendants next argue that Plaintiff G&G should not be permitted to vexatiously continue this proceeding:

> G&G could have removed this case initially but failed to do so, rather than enter an appearance and file identical counter-claims and third-party claims to that filed in this federal proceeding. Having failed to seek removal, G&G has now attempted an end-run around the removal process by filing an independent action arising out of the same facts presented in the state court proceeding.[65]

Defendants' argument is galling in its erroneousness. First, Defendants' live petition in state court violates Texas Rule of Civil Procedure 47(c) by lacking the required statement of damages sought and instead pleads for "monetary relief not to exceed $74,999.99."[66] Expressly in order to avoid federal diversity jurisdiction under 28 U.S.C. § 1332, Defendants also filed a written stipulation that their damages do "not exceed $74,999.00."[67] In addition, Defendants as plaintiffs in state court brought only state law claims.[68] Defendants therefore took every step to *preclude* federal jurisdiction, but chastise G&G for failing to remove an evidently unremovable case. Defendants also chastise G&G for filing counterclaims in the state proceeding that are identical to G&G's

---

[63] Dkt. No. 7 at 17, § g (citing *Garber v. Sir Speedy, Inc.*, 930 F. Supp. 267, 271 (N.D. Tex. 1995) (citing *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253 (9th Cir. 1988)).
[64] *Garber v. Sir Speedy, Inc.*, 91 F.3d 137, 1996 WL 400021, at *1 (5th Cir. 1996) (per curiam).
[65] Dkt. No. 7 at 17 (citing *Microsource, Inc. v. Superior Signs, Inc.*, No. 3:97-CV-2733-G, 1998 WL 119537, at *3 (N.D. Tex. Mar. 9, 1998)).
[66] Dkt. No. 7-2 at 1.
[67] *Id.* at 7–8, ¶¶ 3–6.
[68] *See id.* at 3–4.

claims in this proceeding instead of removing the state court case, as if G&G is vexatiously duplicating litigation. By this argument, Defendants imply that G&G's counterclaims made the state court case removable. This implication is a misinterpretation of federal law. No counterclaim may be a predicate for federal jurisdiction.[69]

### d. Inherent Powers Analysis

In a last ditch effort, Defendants argue that the Court should exercise its inherent powers to stay or dismiss proceedings in service to judicial economy "even when other standards for abstention are not met."[70] In the case cited for this proposition, the Fifth Circuit held that a district court has inherent powers to control the disposition of cases on its docket with an eye to economy of time and resources, but that doing so should not impose hardship on one litigant and generally should not be granted unless another "tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed action."[71] Even when the *Colorado River* analysis did not favor abstention, a magistrate judge in the Northern District of Texas relied on this holding and one other to abstain anyway.[72] However, this Northern District of Texas opinion is neither controlling[73] nor persuasive. The Northern District of Texas relied heavily on one paragraph out of context in a Fifth Circuit case that did not discuss or involve a *Colorado River* analysis,[74] and on another appellate case that predated *Colorado River* entirely.[75] Moreover, the opinion conflicts with governing precedents: if *Colorado River* does not favor abstention, but a

---

[69] *Holmes Grp. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).
[70] Dkt. No. 7 at 19.
[71] *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983).
[72] *Primerica Life Ins. Co. v. Twyman*, No. 3-01-CV-1659-BD, 2002 WL 83750, at *3 (N.D. Tex. Jan. 14, 2002).
[73] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 134.02[1][d] (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").
[74] *Primerica Life Ins. Co.*, 2002 WL 83750, at *3 (citing *Itel Corp.*, 710 F.2d at 203).
[75] *Id.* (citing *PPG Indus. v. Cont'l Oil Co.*, 478 F.2d 674, 679–82 (5th Cir. 1973)).

district court may nevertheless abstain because it believes it judicially economical, there is hardly any reason for a district court to conduct a *Colorado River* analysis or concern itself with the governing Supreme Court and Fifth Circuit jurisprudence. This Court does not see itself as effectively unbound by *Colorado River* and its progeny because it is possessed of inherent docket management powers.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss or stay these proceedings.[76]

This opinion has raised substantial questions about Defendants' counsel J. Michael Moore's litigation tactics and adherence to Federal Rule of Civil Procedure 11 and Rule 1 of the Rules of Discipline of the United States District Court for the Southern District of Texas.[77] This Court requires attorneys that practice before it to bring only nonfrivolous claims and contentions and to exercise candor toward the tribunal by not making false statements of facts or law.[78] This Court cautions Mr. Moore that failure to adhere to these standards of practice may result in sanctions.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of January 2022.

_____
Micaela Alvarez
United States District Judge

---

[76] Dkt. No. 7.

[77] *E.g.*, Dkt. No. 7 at 13, § 2.a. (asserting that the lack of assumption of jurisdiction over a res was neutral factor, when it actually weighs against abstention); *id.* at 15, § 2.c. (asserting that equally convenient state and federal forums is neutral factor, when it actually weighs against abstention); *id.* at 16, § 2.e. (asserting that "the federal question [in both cases] does not weigh in favor of abstention" when it weighs against abstention).

[78] *See* Tex. Disciplinary Rules Prof'l Conduct R. 3.01, 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2021) (Tex. State Bar R. art. X, § 9).